IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-259-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VICTOR DARNELL BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

On September 17, 2021, Victor Darnell Berry ("Berry"or "defendant") moved to reset the

pretrial motions deadline and moved to dismiss the indictment. See [D.E. 48]. On September 28,

2021, the United States responded in opposition to defendant's motion to dismiss. See [D.E. 51].

As explained below, the court denies Berry's motion to dismiss.

I.

On June 3, 2020, a federal grand jury in the Eastern District of North Carolina indicted Berry

and charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

See [D.E. 1]. Berry allegedly committed the offense on or about September 20, 2019. See id.

Berry's predicate felony was a robbery conviction he sustained in D.C. Superior Court on March 13,

2018. See [D.E.48] 1; [D.E. 51-2].

On July 15, 2021, the D.C. Superior Court discharged Berry's 2018 robbery conviction under

the Youth Rehabilitation Act of 1985 ("YRA"). See [D.E. 48-1]; D.C. Code § 24-906. Berry now

argues that he lacks a predicate felony conviction and that this court must dismiss the indictment.

See [D.E. 48] 4–11. In support, Berry cites United States v. Smith, 939 F.3d 612, 614–18 (4th Cir.

2019), and United States v. Payne, 382 F. Supp. 3d 71, 74–77 (D.D.C. 2019).

The relevant statutory text and United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998),

foreclose Berry's argument. Section 922(g)(1) provides: "It shall be unlawful for any person—(1)

who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding

one year" to possess a firearm. 18 U.S.C. § 922(g)(1). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Id. § 921(a)(20). "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Id.

In Kahoe, Kahoe pleaded guilty in March 1994 in the United States District Court for the District of Columbia to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). See Kahoe, 134 F.3d at 1231. In August 1994, while awaiting sentencing, Kahoe possessed a firearm and ammunition and was convicted of violating 18 U.S.C. § 922(g)(1). See id. The March 1994 federal section 924(c)(1) conviction served as the predicate felony conviction for the section 922(g)(1) conviction. See id.

On December 6, 1995, the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), and Kahoe thereafter used 28 U.S.C. § 2255 and Bailey to have the United States District Court for the District of Columbia to vacate his section 924(c) predicate conviction. See Kahoe, 134 F.3d at 1231. Kahoe then used 28 U.S.C. § 2255 to challenge his latter felon-in-possession conviction in the United States District Court for the Eastern District of Virginia, "arguing that the latter conviction could not stand once the underlying predicate conviction had been set aside." Id.

The United States Court of Appeals for the Fourth Circuit rejected Kahoe's argument, holding that the "plain language of § 921(a)(20) means that a conviction that has been set aside can no longer be disabling" but that the conviction is "disabling between the time it was obtained and the time it was set aside." Id. at 1233. In reaching this conclusion, the Fourth Circuit extensively analyzed the statute's text and legislative history, as well as cases from the Supreme Court of the United States and various federal circuit courts of appeals. See id. 1233–35. As applied to Kahoe, the Fourth Circuit held "that the fact that Kahoe's [predicate] conviction was vacated after he

2

possessed the firearm and ammunition [was] irrelevant" to his culpability under section 922(g)(1). Id. at 1235. The Fourth Circuit has followed Kahoe in numerous unpublished decisions. See United States v. Nowell, 757 F. App'x 218, 220 n.1 (4th Cir. 2018) (per curiam) (unpublished); United States v. Davis, 497 F. App'x 285, 286 (4th Cir. 2012) (per curiam) (unpublished); United States v. Neal, 458 F. App'x 246, 248 (4th Cir. 2011) (per curiam) (unpublished). As in Kahoe, Berry allegedly possessed the firearm on a date (i.e., September 20, 2019) between the date he obtained the felony conviction in the D.C. Superior Court (i.e., March 13, 2018) and the date the D.C. Superior Court discharged it (i.e., July 15, 2021). Thus, Kahoe dooms Berry's argument.

In opposition, Berry cites Smith and Payne. In Smith, the Fourth Circuit held that under North Carolina law, a felony guilty plea followed by a "conditional discharge" was not a "felony conviction." See Smith, 939 F.3d at 614–18. The Fourth Circuit also held that such a "conditional discharge" was not a "conviction" under 18 U.S.C. § 921(a)(20). Id. Accordingly, the "conditional discharge" was not a valid predicate felony conviction for prosecution under 18 U.S.C. § 921(g)(1). Id.; see [D.E. 51-1].

Smith does not help Berry. First, Berry's 2018 conviction in D.C. Superior Court is materially different than the "conditional discharge" in North Carolina Superior Court described in Smith. Second, and in any event, Berry obtained the discharge in D.C. Superior Court in 2021, nearly two years after allegedly possessing the firearm on September 20, 2019. See [D.E. 51] 2–4; [D.E. 48-1] 2.

Payne also does not help Berry. There, Payne allegedly possessed a firearm on March 24, 2019, in violation of 18 U.S.C. § 922(g)(1). See Indictment at 2, United States v. Payne, No. 1:19-cr-00109-TNM (D.D.C. Mar. 27, 2019), [D.E. 2]. Payne's predicate felonies were two convictions he sustained in D.C. Superior Court. They were: (1) a 2017 attempted robbery conviction that the D.C. Superior Court discharged under the YRA on June 19, 2017, and (2) a 2016 assault with significant bodily injury conviction that the D.C. Superior Court discharged under the YRA on June

3

11, 2018. See Exs. 2 & 3, Payne, No. 1:19-cr-00109-TNM (D.D.C. May 23, 2019) [D.E. 26-2]. The United States District Court for the District of Columbia held that Payne's two convictions had been discharged before the alleged possession on March 24, 2019, and could not serve as predicate felony convictions for the 922(g)(1) charge. See Payne, 382 F. Supp. 3d at 72–77; contra United States v. Aka, 339 F. Supp. 3d 11, 15–19 (D.D.C. 2018) (holding that a felony conviction in D.C. Superior Court that is discharged under the Youth Rehabilitation Act of 1985 remains a felony conviction under D.C. law and 18 U.S.C. § 922(a)(20)).[1] In contrast, Berry's 2018 conviction was a conviction when Berry allegedly possessed the firearm on September 20, 2019. Thus, Payne does not help Berry.

## II.

In sum, the court GRANTS defendant's motion to reopen the pretrial motions deadline but DENIES defendant's motion to dismiss [D.E. 48].

SO ORDERED. This 9 day of November, 2021.

_4 Dever_
JAMES C. DEVER III
United States District Judge

---

[1] This court does not address the conflict between Payne and Aka. The conflict is immaterial here due to the facts of this case and Kahoe.

4