IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-259-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VICTOR DARNELL BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

Victor Darnell Berry ("Berry" or "defendant") is charged with being a felon in possession of a firearm on September 20, 2019. See [D.E. 1]. Berry's jury trial will begin on March 21, 2022.

On March 13, 2022, Berry filed a motion in limine asking the court to exclude evidence of his March 13, 2018 District of Columbia robbery conviction because it was discharged in D.C. Superior Court on July 15, 2021, under the D.C. Youth Rehabilitation Act of 1985. See [D.E. 48-1, 51-2]. According to Berry, use of the discharged conviction in his federal felon-in-possession trial is not one of the enumerated uses listed in D.C. Code § 24-906(f). See [D.E. 70].

On March 14, 2022, the court held the pretrial conference, heard argument on Berry's motion, and denied Berry's motion. Berry's motion fails because District of Columbia statutes cannot dictate the uses of prior adjudications that meet the federal law definition of a felony "conviction" under 18 U.S.C. §§ 921(a)(20) and 922(g)(1). In this court's November 9, 2021 order denying Berry's motion to dismiss, the court determined that Berry's March 13, 2018 D.C. robbery conviction was a felony conviction under 18 U.S.C. §§ 921(a)(20) and 922(g)(1). See [D.E. 53]. Having determined that Berry's conviction meets the federal definition, D.C. Code § 24-906(f) cannot dictate the uses of that conviction in the United States District Court for the Eastern District of North Carolina.

In Dung Phan v. United States, the United States Court of Appeals for the Fourth Circuit considered a similar question when the defendant argued his conviction under the D.C. Youth

Rehabilitation Act of 1985 did not count as a "conviction" for federal immigration purposes because the D.C. Council did not specify that use in D.C. Code § 24-906(f). See 667 F.3d 448, 454 (4th Cir. 2012). The Fourth Circuit rejected that argument, noting that "it makes sense that the D.C. Council would not attempt to dictate immigration policy in drafting its youth offender law." Id. (quotation omitted).

In Dung Phan, the Fourth Circuit approvingly cited a case from the United States Court of Appeals for the Third Circuit that also arose in the federal immigration context. In Acosta v. Ashcroft, the Third Circuit considered whether a Pennsylvania statute, which specified that certain discharged offenses were not convictions for any purpose, meant that a prior conviction under that law would not count for federal immigration purposes. See 341 F.3d 218, 223 (3d Cir. 2003) (Alito, J.). The Third Circuit concluded that the state statutory language "obviously cannot dictate how the term 'conviction' is to be construed under federal law." Id.

This reasoning, combined with the reasoning in this court's order denying Berry's motion to dismiss [D.E. 53], dooms Berry's motion. Cf. Caron v. United States, 524 U.S. 308, 315–16 (1998). Accordingly, the court DENIES defendant's motion in limine [D.E. 70].

SO ORDERED. This the 14 day of March, 2022.

JAMES C. DEVER III
United States District Judge